UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GREGORY LASKY, ADVOCATES FOR DISABLED AMERICANS (AFDA), | : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil No. 14-03035 |
| v. | : | OPINION |
| EVESHAM OWNER LLC and/or RD MANAGEMENT LLC, | : | |
| Defendants. | : | |

This matter comes before the Court on Defendants Evesham Owner LLC and RD Management LLC's unopposed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, Motion for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e). Although the deadline for opposition to the motion has well passed without a response from Plaintiffs, Gregory Lasky and Advocates for Disabled Americans (AFDA), the Court considers the merits of the unopposed motion. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 29 (3d Cir. 1991) (applying Anchorage Associates v. Virgin Islands Board of Tax Review, 922 F.2d 168 (3d Cir. 1990)).

## I.   Background

Plaintiff Lasky is disabled and uses a wheelchair. (Compl. ¶ 1.) Plaintiff AFDA is a civil rights organization seeking to enforce the rights of the disabled. (Compl. ¶ 2.) Defendants Evesham Owner LLC and RD Management LLC are the owners and operators of a restaurant located at 101 Rt. 70 East, Evesham Township Burlington County, New Jersey. (Compl. ¶ 3.) As claimed in Defendants' Brief, there are two

restaurants at that address. (Def. Br. Mot. Dismiss.) However, the Complaint does not identify which restaurant at the address Plaintiffs claim is the location of the violations.

The Complaint alleges that Plaintiff Lasky's "ability to utilize Defendant's services has been impaired as a result of the lack of accessibility to Plaintiffs and the disabled as a whole. Specifically, the parking, access route, bathrooms and other services are [allegedly] not properly accessible." (Compl. ¶ 4.) Accordingly, the Complaint claims violations of the New Jersey Law Against Discrimination ("NJLAD") and the Americans with Disabilities Act ("ADA"). (Compl. ¶ 5.) As Plaintiff Lasky intends to return to the restaurant, he seeks an injunction as well as damages and equitable relief as a result of his anger and emotional distress. (Compl. ¶¶ 6, 7.)

Defendants Evesham Owner LLC and RD Management LLC move for dismissal of the Complaint for failure to state a claim. Defendants contend that Plaintiffs have not specified which restaurant at the named address—101 Rt. 70 East, Evesham Township Burlington County, New Jersey—they refer to in the Complaint. Defendants also contend that Plaintiffs have not alleged the nature of the obstacle which makes the various features inaccessible. Further, Defendants contend that Plaintiffs have not properly specified which services, in addition to those enumerated, are allegedly inaccessible when the Complaint refers to "other services." The Court does not agree that the Complaint fails to state a claim and will dismiss the motion to dismiss without prejudice. However, the Court will permit Plaintiffs to file an amended complaint to cure the deficiencies enumerated below.

## II.   Standards of Review

**A. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility" when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations... are given no

3

presumption of truthfulness." Wyeth v. Ranbaxy., Ltd., 423 F.3d 347, 351 (3d Cir. 2005). ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 556 U.S. at 678-80 (finding that pleadings that are not more than conclusions are not entitled to the assumption of truth).

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**B. Motion for a More Definite Statement**

Rule 12(e) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." This motion is granted "when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'" Sun Co. v. Badger Design & Constructors, Inc., 939 F. Supp. 365, 368 (E.D. Pa. 1996) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 (1990)); see Murray v. Gencorp, Inc., 979 F. Supp. 1045, 1050-51 (E.D. Pa. 1997). For example, a more definite statement is appropriate are where:

4

> (1) a complaint's allegations are not specific enough to enable a defendant to determine whether to interpose a waivable defense in his or her answer; (2) the defendant lacks certain information peculiarly within the knowledge of the plaintiff, without which the defendant cannot answer the complaint with a good-faith, general denial; and (3) the court finds it desirable to pare down "shotgun" pleadings to make the litigation more manageable through more controlled discovery.

Lasky v. Camden County, 2010 WL 323220, *2 (D. N. J. Jan 20, 2010) (citing Clark v. McDonald's Corp., 213 F.R.D. 198, 233 (D.N. J. 2003)).

### III.  Discussion

Plaintiffs make a plausible disability discrimination claim in the Complaint. When the allegations are taken to be true, the Complaint provides that Plaintiff Lasky is disabled, the restaurant is in violation of the NJLAD and the ADA, and because of these violations and his disability, Lasky is unable to gain full access to the restaurant. While the Complaint is a threadbare two pages and lacks particularity, it includes a short and plain statement, as required, and has facial plausibility. See Lasky, 2010 WL 323220, at *2. Accordingly, the Complaint passes muster under the standard for a 12(b)(6) motion. However, a more definite statement is warranted for the Complaint before proceeding.

The Complaint does not specify the nature of the obstacles that makes the restaurant inaccessible or how the obstacles prevent Plaintiff Lasky and other disabled persons from gaining complete access to the restaurant. A general allegation that the parking, access route, bathrooms, and other services at the restaurant are not accessible is too vague to reasonably expect Defendants to prepare a response.  See Lincoln Laboratories, Inc. v. Savage Laboratories, Inc., 26 F.R.D. 141, 143 (D. Del. 1960) ("Defendant should not be required to guess which of the plaintiff's 60 trademarks he is

supposed to be infringing when it would be a simple matter for the plaintiff to specify his pleadings in this respect.").

Further, the Complaint fails to specify the identity of the restaurant where the violations allegedly occurred. This deficiency poses a problem because Defendants' Brief claims that more than one restaurant is located at the address provided. Without reference to the specific restaurant on the property that Defendants allegedly own and operate and where the violations allegedly occurred, Defendants are required to guess as to which restaurant the Complaint refers. Plaintiff Lasky must therefore specify the identity of the restaurant where the violations allegedly occurred, "as this knowledge is peculiarly within his knowledge." Lasky, 2010 WL 323220, at *3.

Accordingly, the Court denies Defendants' Motion to Dismiss and grants the Motion for a More Definite Statement, allowing Plaintiffs to file an amended complaint curing the pleading deficiencies, if possible.

An appropriate Order shall issue.

Dated: June 16, 2014

s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ,
United States District Judge
